UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DERRICK L. WILLIAMS, | Case No.: 1:26-cv-02648-EGC (PC) |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS TO DENY APPLICATION TO PROCEED IN FORMA PAUPERIS** |
| v. | |
| KENNY JOHNSON, et al., | (Doc. 2) |
| Defendants. | **14-DAY OBJECTION DEADLINE** |
| | Clerk of the Court to Assign District Judge |

Plaintiff Derrick L. Williams is appearing pro se in this civil rights action pursuant to 42 U.S.C. section 1983.

## I.   INTRODUCTION

On April 8, 2026, Plaintiff filed a complaint and an application to proceed *in forma pauperis* (IFP). (Docs. 1 & 2.)

## II.   THREE STRIKES PROVISION OF 28 U.S.C. § 1915

Title 28 of the United States Code section 1915 governs IFP proceedings. The statute provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner

is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

In determining whether a case counts as a "strike," "the reviewing court looks to the dismissing court's action and the reasons underlying it…. This means that the procedural mechanism or Rule by which the dismissal is accomplished, while informative, is not dispositive." *Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013) (citation omitted).

### III.    JUDICIAL NOTICE

The Court takes judicial notice[1] of five prior lawsuits filed by Plaintiff: one in the Ninth Circuit Court of Appeals and four others in district courts:

1. *Williams v. Luna*, No. 24-3187 (appeal dismissed as frivolous on March 26, 2025)

2. *Williams v. Costa,* No. 2:09-cv-02533-LSC-PWG (N.D. Ala.) (dismissed for failure to state a claim on April 16, 2010)

3. *Williams v. Medical Dep't/JCJ*, No. 2:10-cv-02391-LSC-PWG (N.D. Ala.) (dismissed for failure to file amended complaint on March 4, 2011)

4. *Williams v. Jones*, No. 5:12-cv-02491-IPJ-PWG (N.D. Ala.) (dismissed for failure to file amended complaint on October 23, 2013)

5. *Williams v. U.S. Dep't of Justice*, No. 1:16-cv-00679 (D.D.C.) (dismissed as frivolous on July 29, 2016).

A dismissal for a failure to state a claim (including where a district court dismisses a complaint for a failure to state a claim, grants leave to amend, and then plaintiff fails to file an amended complaint) or as frivolous is a strike for purposes of 28 U.S.C. § 1915(g). *Harris v. Mangum*, 863 F.3d 1133, 1143 (9th Cir. 2017); *Moore v. Maricopa Cnty. Sheriff's Office*, 657 F.3d 890, 893-94 (9th Cir. 2011). Because Plaintiff has incurred at least three prior "strikes," and each was dismissed prior to the commencement of the current action on April 8, 2026, Plaintiff is subject to the section 1915(g) bar. Moreover, he is precluded from proceeding IFP in this action unless, at the time he filed his complaint, he was under imminent danger of serious physical injury. *See Andrews v. Cervantes*, 493 F.3d 1047, 1052-53 (9th Cir. 2007).

---

[1] The Court may take judicial notice of court records. *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

2

### IV.    IMMINENT DANGER DISCUSSION

#### *Plaintiff's Allegations*

The Court has conducted a review of Plaintiff's complaint. It alleges federal constitutional claims against numerous individuals employed at the Sierra Conservation Center in Jamestown, California, as well as California Department of Corrections and Rehabilitation (CDCR) Secretary Jeff Macomber and California Governor Gavin Newsome. [2] (Doc. 1.) Plaintiff alleges correctional staff used excessive force in February 2026 in violation of the Eighth Amendment and, as best the Court can discern, violated Plaintiff's Fourteenth Amendment rights when the warden refused to speak with Plaintiff alone concerning his housing concerns and during disciplinary proceedings when officials refused to allow Plaintiff the opportunity to view video footage.

Plaintiff's allegations do not satisfy the imminent danger exception to section 1915(g). The "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat ... is real and proximate." *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002). "Imminent danger of serious physical injury must be a real, present threat, not merely speculative or hypothetical." *Blackman v. Mjening*, No. 1:16-cv-01421-LJO-GSA-PC, 2016 WL 5815905, at *1 (E.D. Cal. Oct. 4, 2016). To meet his burden under § 1915(g), Plaintiff must provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003). "[V]ague and utterly conclusory assertions" of imminent danger or insufficient. *White v. Colorado*, 157 F.3d 1226, 1231-32 (10th Cir. 1998).

Here, the Court is unable to identify any genuine emergency involving a real or proximate threat where time is pressing. *Lewis*, 279 F.3d at 531. Plaintiff does not allege he is in danger of the imminent use of excessive force and does not explain how purported due process violations concerning housing or disciplinary proceedings present an imminent danger of serious physical

---

[2] Plaintiff asserts Macomber operates CDCR "in an arbitrary and discriminatory conduct manner … [l]ike Jim Crow Plantation Conceration [sic] camps," conspired with the "County of [L]os Angeles Quasi-corporate entity as well as Los Angeles City municipality," and Macomber's "team players" committed "Genocides Atrocies [sic] of acts against Mr. Williams through the word 'Ethnic Cleansing' …." (Doc. 1 at 6.) Plaintiff alleges Newsome "is the head European Caucas [sic] Overseer of this incorporated 'RICO' plaintation [sic] administrated by lower inferior Law Enforcement agencies, lower inferior courts, and California Slave Plantation disguised under the name" CDCR. (*Id*.)

injury. *Blackman*, 2016 WL 5815905, at *1; *Martin*, 319 F.3d at 1050. Plaintiff simply does not allege "a real, present threat." *Id*.; *see also Perkins v. Dela Cruz*, No. 1:25-cv-01756-JLT-HBK (PC), 2026 WL 177790, at *1 (E.D. Cal. Jan. 22, 2026) (holding that "allegations that arise out of a single occasion of excessive force fail to present an ongoing imminent danger"); *Maldonado-Ramirez v. Francisco*, No. 1:23-cv-00162-HBK (PC), 2023 WL 2327471, at *7 (E.D. Cal. Mar. 2, 2023), report and recommendation adopted, 2023 WL 2918622 (E.D. Cal. Apr. 11, 2023) (finding that due process allegations fail to demonstrate imminent danger warranting an exception to the PLRA three-strikes rule); *Driver v. Pohovich*, No. 2:22-cv-1672 DB P, 2023 WL 2394154, at *2 (E.D. Cal. Feb. 1, 2023) ("There is nothing in the complaint that would indicate plaintiff was under threat of imminent danger based on the excessive force incidents at the time he filed the complaint"); *Taylor v. Carter*, No. 1:13-cv-1155 SAB (PC), 2014 WL 11774844, at *1 (E.D. Cal. May 5, 2014) (finding plaintiff's allegations of "excessive force, retaliation, and due process allegations arising from his placement and retention in administrative segregation" failed to show plaintiff was in imminent danger at the time the complaint was filed); *Marks v. Tapia*, No. CIV S-07-0371 MCE GGH P, 2007 WL 1834693, at *2 (E.D. Cal. June 26, 2007) ("While there is an "imminent danger of serious physical injury" exception under 28 U.S.C. § 1915(g) … plaintiff's allegations, seeking money damages for alleged due process violations he suffered when certain of his personal property was damaged during transport, do not meet the exception on the face of it, as plaintiff must have alleged facts that demonstrate that he was 'under imminent danger' at the time of filing the complaint").

In sum, Plaintiff fails to allege that he was in any imminent danger of serious physical injury at the time the complaint was filed. Therefore, Plaintiff should be precluded from proceeding IFP in this action and must pay the $405.00 filing fee to litigate this action. *Andrews*, 493 F.3d at 1052-53; *Lewis*, 279 F.3d at 531.

## V.    ORDER AND RECOMMENDATION

Accordingly, the Court **HEREBY ORDERS** the Clerk of the Court to assign a district judge to this action.

//

4

Further, based on the foregoing, the Court **HEREBY RECOMMENDS** that:

1.  Plaintiff's application to proceed IFP (Doc. 2) be **DENIED** and Plaintiff be precluded from proceeding IFP in this action in accord with 28 U.S.C. section 1915(g); and

2.  Plaintiff be ordered to pay the $405.00 filing fee in full within 30 days.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days** after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed fifteen (15) pages** without leave of Court and good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C). A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   **May 5, 2026**

_____
UNITED STATES MAGISTRATE JUDGE