UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DERRICK L. WILLIAMS,<br><br>                     Plaintiff,<br><br>          v.<br><br>KENNY JOHNSON, et al.,<br><br>                     Defendants. | Case No.: 1:26-cv-02648-JLT-EGC (PC)<br><br>**ORDER CONSTRUING PLAINTIFF'S NOTICE AS MOTION TO VACATE THE FINDINGS AND RECOMMENDATIONS AND DENYING THE MOTION**<br><br>(Doc. 11)<br><br>**ORDER EXTENDING DEADLINE WITHIN WHICH TO FILE OBJECTIONS TO FINDINGS AND RECOMMENDATIONS ISSUED MAY 6, 2026**<br><br>Deadline to File Objections: June 5, 2026 |

Plaintiff Derrick L. Williams is appearing pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

## I.      BACKGROUND

On April 8, 2026, Plaintiff filed his complaint (Doc. 1) and an application to proceed *in forma pauperis* (IFP) (Doc. 2). That same date, the Court issued its new case documents, including the First Informational Order in Prisoner/Civil Detainee Civil Rights Case and a Consent/Decline of U.S. Magistrate Judge Jurisdiction form. (*See* Doc. 3.)

On April 27, 2026, Plaintiff filed a document titled "Motion Request for Extension of Time According to Fed. R. Civil. Pro. R. (6) (B)." (Doc. 7.)

On May 4, 2026, the Court issued its Order of Reassignment, reassigning this action to the undersigned following formerly assigned Magistrate Judge Sheila K. Oberto's retirement. (Doc. 8.)

On May 6, 2026, the undersigned issued her Findings and Recommendations to Deny Application to Proceed In Forma Pauperis. (Doc. 10.) More specifically, the Court determined that Plaintiff has incurred at least three prior strikes and did not meet the imminent danger exception pursuant to 28 U.S.C. § 1915(g); therefore, it was recommended Plaintiff's IFP application be denied and that he be ordered to pay the full filing fee for this action. (*Id*. at 2-5.) Plaintiff was advised that any objections were to be filed within 14 days. (*Id*. at 5.)

On May 19, 2026, Plaintiff filed a document titled "Receipt of Order of Re-assignment of Magistrate Judge, by Chief U.S. District Judge Troy L. Nunley Enclosed Petition/Motion Decline of Jurisdiction of A United States Magistrate Judge (Erin Guy Castillo) re-assigned to this Civil Action above. Due to The Petitioner Right to Decline U.S. Magistrate Jurisdiction over pending Case. And To Have The Re-Assigned Magistrate finding and recommendation 'Stricken Out' of Court Records and Transcripts in the said above Civil Action." (Doc. 11.) The filing was docketed as a "Notice re Spelling of Name and Reassignment by Derrick L. Williams" by the Clerk of the Court.

On May 20, 2026, the Court issued its Order Granting Extension of Time Within Which to File Consent/Decline Form. (Doc. 12.) Plaintiff was ordered to file the form within 30 days of the date of service of the order. (*Id*. at 2.)

## II.   DISCUSSION

The Court construes Plaintiff's May 19 filing as a motion to vacate the Findings and Recommendations issued May 6, 2026, and addresses the additional arguments asserted by Plaintiff therein.

First, the Court addresses magistrate judge jurisdiction. The Federal Magistrates Act, 28 U.S.C. §§ 631-39, governs the jurisdiction and authority of federal magistrates. *See* 28 U.S.C. § 636. The Act provides that certain matters (for example, non-dispositive pretrial matters) may be

2

referred to a magistrate judge for decision, while certain other matters (such as case-dispositive motions, petitions for writs of habeas corpus) may be referred only for evidentiary hearing, proposed findings, and recommendations. 28 U.S.C. § 636(b)(1)(A), (B). The Act also states that a magistrate judge may be "assigned such additional duties as are not inconsistent with the Constitution and laws of the United States." 28 U.S.C. § 636(b)(3). "Congress intended magistrates to play an integral and important role in the federal judicial system." *Peretz v. United States*, 501 U.S. 923, 928 (1991).

Here, the undersigned issued Findings and Recommendations to deny Plaintiff's IFP application because he has filed five prior lawsuits that were dismissed for a failure to state a claim or as frivolous, amounting to strikes for purposes of 28 U.S.C. § 1915(g), and because he failed to meet the imminent danger exception. (Doc. 10.) As stated in the conclusion, the Findings and Recommendations were "submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)," meaning District Judge Jennifer L. Thurston will consider the Findings and Recommendations de novo, including any objections submitted, before issuing an order either adopting or declining to adopt those findings. *See Coleman v. Wilson*, 912 F.Supp. 1282, 1297 (E.D. Cal. 1995) ("The Court is not bound to adopt the magistrate judge's findings and recommendations; on the contrary, the court must exercise sound judicial discretion' in making its own determination on the record. The Court may accept, reject, or modify, in whole or in part, the magistrate judge's findings and recommendations" [citations omitted]); *Webb v. Califano*, 468 F.Supp 825, 828 (E.D. Cal. 1979) (a district court is under a mandatory obligation to make a de novo review of a magistrate's proposed findings and recommendations when timely objection is made thereto; even when no objections at all are filed).

To the extent Plaintiff argues his intent to decline magistrate judge jurisdiction means the undersigned will no longer be assigned to this action or that because of a declination the Findings and Recommendations issued on May 6 are improper, he is mistaken. When a party declines magistrate judge jurisdiction, that "decision entitles him to have all dispositive matters in the case resolved by the assigned district judge. It does not, as he seems to believe, entitle him to have all

3

non-dispositive matters handled by the district judge." *Kokolios v. Diaz*, No. 2:20-cv-0933-KJM-EFB P, 20202 WL 3640244, at *1 (E.D. Cal. July 6, 2020) (citation omitted); *see also Bolin v. Brown*, No. 1:12-cv-00077-LJO-GSA-PC, 2012 WL 639464, at * 1-2 (E.D. Cal. Feb. 24, 2012) (denying reconsideration and holding, "To the extent that the basis for Plaintiff's objection is his decision to decline Magistrate Judge jurisdiction, Plaintiff misunderstands the effect of consenting to or declining Magistrate Judge jurisdiction"). Stated another way, even presuming Plaintiff files a declination of magistrate judge jurisdiction in this action, the undersigned may properly issue findings and recommendations on dispositive matters (including the denial of IFP status) and may issue orders on non-dispositive pretrial matters (e.g., orders concerning screening a complaint, discovery motions, motions seeking the appointment of counsel). *See* 28 U.S.C. § 636; E.D. Local Rules 302, 304.

Next, to the extent Plaintiff argues that the Court's capitalization of his name in the caption for this action is improper and requires correction (*see* Doc. 11 at 1), he is mistaken. *See, e.g.*, *Asarkasaamsu v. United States*, No. 2016-0027, 2024 WL 6848044, at *1 (D.V.I. Nov. 14, 2024) ("because the Court traditionally places the parties' names in all caps in the caption, the Court will do the same here and not deviate from its normal practice without a compelling reason to do so. Plaintiffs have provided no such reason"); *Bachmeier v. Einerson*, No. 3:23-cv-00179-SLG, 2023 WL 6796213, at *1 (D. Alaska Oct. 13, 2023) (denying motion to strike and request reassignment, stating "Mr. Bachmeier's disagreement with how his name is spelled in court orders does not present proper grounds for the recusal of the assigned judge. Mr. Bachmeier fails to allege any facts that establish the undersigned has exhibited bias or prejudice that arose from an extrajudicial source. Rather, the Court's use of all capitals for the names of each party in the case caption is consistent with this Court's local rules and is used in every case"); *Defluiter v. Land*, No. 1:10-cv-421, 2010 WL 2539721, at *2 (W.D. Mich. June 15, 2010) (overruling plaintiff's objection to the use of capitalization of his name in the caption of the report and recommendation, stating the argument is "meritless and frivolous"); *Adams v. City of Marshall*, No. 4:05-CV-62, 2005 WL 2739029 (W.D. Mich. Oct. 24, 2005) (observing that "[t]he use of all capital letters in the caption of court documents is a typographical convention without legal

4

significance" [internal quotations omitted]); *United States v. Wight*, No. CIV S-98-0442FCDDAD, 2002 WL 254016, at *4 (E.D. Cal. Jan. 4, 2002) ("the Wights contend that the spelling of their names in all capital letters in the caption of this case (i.e. LEE D. WIGHT, MARJORIE A. WIGHT) is an improper use of a 'trade name' for the purpose of fraudulently acquiring personal jurisdiction. They also contest the use of a zip code to identify their place of residence, arguing that they live in the 'California Republic,' not in any 'federal area.' The court rejects the Wights' frivolous contentions").

To the extent Plaintiff contends the Court has not offered him an "opportunity to request the court assign him a lawyer" (*see* Doc. 11 at 2), Plaintiff is advised he may file a motion seeking the appointment of counsel on his own initiative and at any time. Plaintiff is further advised that plaintiffs do not have a constitutional right to appointed counsel in § 1983 actions. *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on other grounds*, 154 F.3d 952, 954 n.1 (9th Cir. 1998). Nor can the Court require an attorney to represent a party under 28 U.S.C. § 1915(e)(1). *See Mallard v. U.S. Dist. Court*, 490 U.S. 296, 304-05 (1989). However, in "exceptional circumstances," the Court may request the voluntary assistance of counsel pursuant to § 1915(e)(1). *Rand*, 113 F.3d at 1525.

Next, to the extent Plaintiff states he has "started working on amending and supplementing his Civil Action" (*see* Doc. 11 at 2), Plaintiff is advised that an amended complaint supersedes the original complaint. *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 927 (9th Cir. 2012). Therefore, any amended complaint must be "complete in itself without reference to the prior or superseded pleading." E.D. Local Rule 220. Stated another way, Plaintiff may file an amended complaint in this action, however, he may not file a "supplement" to his original complaint because any supplement would reference a "prior or superseded" complaint. Plaintiff is further advised that Rule 15 of the Federal Rules of Civil Procedure provides information concerning amending a complaint. Moreover, Plaintiff is advised that any amended complaint, like his original complaint, is subject to screening. 28 U.S.C. § 1915A(a).

Lastly, to the extent Plaintiff sought to have Chief Judge Troy L. Nunley address his notice or motion (*see* Doc. 11 at 2 ["The Plaintiff is submitting this petition/motion to the Chief

5

United States District Judge Troy L. Nunley in hope and pray he does the right thing …"]), the Chief Judge's consideration is not required. This Court's Local Rule 122 states, in relevant part: "The Judge assigned to an action, or the Magistrate Judge when authorized, preside over the trial and determine all motions or other matters in that action, except as otherwise provided …." Further, Appendix A to the Local Rules states, in pertinent part, that "[n]o action, once assigned, shall be reassigned to any other Judge except as hereinafter provided … (4) With the approval of the Court en banc, the Chief Judge may take such other assignments, reassignments or related orders as are conductive to the equitable division and just, efficient and economical determination of the business of the Court." In this case, Chief Judge Nunley's Order of Reassignment was administrative in nature, reassigning the undersigned to this action following Magistrate Judge Oberto's retirement. Therefore, the undersigned and District Judge Jennifer L. Thurston remain assigned to this action.

Finally, because the Court will deny Plaintiff's construed motion to vacate the Findings and Recommendations, it will extend the deadline for filing objections to allow Plaintiff an opportunity to address the substance of those findings should he choose to do so.

### III.   CONCLUSION AND ORDER

Accordingly, for the reasons stated above, the Court **HEREBY ORDERS** that:

1. Plaintiff's "Notice" filed May 19, 2026 (Doc. 11), construed by the Court to be a motion to vacate the findings and recommendations, is **DENIED**; and

2. The deadline for filing objections to the Findings and Recommendations issued May 6, 2026, is **EXTENDED**. Plaintiff may file any objections **no later than June 5, 2026**.

IT IS SO ORDERED.

Dated:   **May 21, 2026**

_____
UNITED STATES MAGISTRATE JUDGE

6