UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DERRICK L. WILLIAMS,<br><br>        Plaintiff,<br><br>    v.<br><br>KENNY JOHNSON, et al.,<br><br>        Defendants. | Case No.: 1:26-cv-02648-JLT-EGC (PC)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR DISQUALIFICATION**<br><br>(Doc. 14) |

Plaintiff Derrick L. Williams is appearing pro se in this civil rights action pursuant to 42 U.S.C. section 1983.

## I.      RELEVANT BACKGROUND

On May 6, 2026, the undersigned issued Findings and Recommendations to Deny Application to Proceed In Forma Pauperis (IFP), finding Plaintiff has incurred three or more strikes and did not meet the imminent danger of serious physical injury exception pursuant to 28 U.S.C. section 1915(g). (Doc. 10.) Objections were to be filed within 14 days. (*Id*. at 5.)

On May 19, 2026, Plaintiff filed a document docketed as a Notice re Spelling of Name and Reassignment. (Doc. 11.)

On May 20, 2026, the Court issued its Order Granting Extension of Time Within Which to File Consent/Decline Form. (Doc. 12.)[1] The following day, the Court issued its Order Construing

---

[1] As of the date of this Order, Plaintiff has not filed the Consent/Decline form with the Court. Nevertheless, for purposes of this Order, the Court presumes Plaintiff has declined magistrate judge jurisdiction.

Plaintiff's Notice as Motion to Vacate the Findings and Recommendations and Denying the Motion, and Order Extending Deadline Within Which to File Objections to Findings and Recommendations Issued May 6, 2026. (Doc. 13.)

On June 1, 2026, Plaintiff filed a document docketed as a motion for disqualification and objections to the Findings and Recommendations. (Doc. 14.)

This Court will address Plaintiff's motion for disqualification.

## II.   DISCUSSION

Plaintiff seeks to disqualify the undersigned pursuant to 28 U.S.C. section 455, on the basis of impartiality. (Doc. 14 at 1.) Plaintiff further states he is "declining [magistrate judge] jurisdiction in regards to this Civil Action." (*Id*.) Plaintiff alleges the undersigned has acted "as a Lawyer in these Civil Proceedings for the party's of Defendants and Others …" and that Plaintiff declined magistrate judge jurisdiction due to "arbitrary and discriminatory conduct to the Plaintiff (Mr. Williams-African American Male), questioning [the magistrate judge's] incapability of being impartial." (*Id*. at 2.) Lastly, Plaintiff states it is his right to decline magistrate jurisdiction. (*Id*.)

### *Applicable Legal Standards*

Title 28 of the United States Code section 455 provides in relevant part:

> (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
>
> (b) He shall also disqualify himself in the following circumstances:
>
>> (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;
>>
>> (2) Where in private practice he served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it;
>>
>> (3) Where he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy;

2

(4) He knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding;

(5) He or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person:

(i) Is a party to the proceeding, or an officer, director, or trustee of a party;

(ii) Is acting as a lawyer in the proceeding;

(iii) Is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding;

(iv) Is to the judge's knowledge likely to be a material witness in the proceeding.

28 U.S.C. § 455(a), (b)(1)-(5).

Under 28 U.S.C. section 455, a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned," including under circumstances where "he has a personal bias or prejudice concerning a party." *Brew v. Fehderau*, No. 1:17-cv-00681-AWI-EPG-PC, 2017 WL 4539265, at *1 (E.D. Cal. Oct. 11, 2017) (citing *United States v. Sibla*, 624 F.2d 864, 867 (9th Cir. 1980)). A motion under section 455 is addressed to, and must be decided by, the very judge whose impartiality is being questioned. *Id.* (citing *Bernard v. Coyne*, 31 F.3d 842, 843 (9th Cir. 1994)). "Section 455 clearly contemplates that decisions with respect to disqualification should be made by the judge sitting in the case, and not by another judge." *Id*. (quoting *Bernard*, 31 F.3d at 843 (quoting *United States v. Balistrieri*, 779 F.2d 1191, 1202 (7th Cir. 1985))). "[S]ection 455 includes no provision for referral of the question of recusal to another judge; if the judge sitting on the case is aware of grounds for recusal under section 455, that judge has a duty to recuse himself or herself." *Id*. (quoting *Sibla*, 624 F.2d at 868). On the other hand, "in the absence of a legitimate reason to recuse himself, a judge should participate in cases assigned." *Id*. (quoting *United States v. Holland*, 519 F.3d 909, 912 (9th Cir. 2008)). As noted above, federal law provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be

3

questioned." *Id*. (quoting 28 U.S.C. § 455(a)). Section (b) of that statute sets forth a number of additional grounds for disqualification, including where the judge "has a personal bias or prejudice concerning a party," "personal knowledge of disputed evidentiary facts concerning the proceeding," where "in private practice he served as lawyer in the matter in controversy," or "has been a material witness concerning it." *Id*. (quoting § 455(b)).

The substantive standard is "[w]hether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Brew*, 2017 WL 4539265, at *2 (quoting *United States v. Hernandez*, 109 F.3d 1450, 1453 (9th Cir. 1997)). The bias must arise from an extrajudicial source and cannot be based solely on information gained in the course of the proceedings. *Id*. (citing *Hernandez*, 109 F.3d at 1453 (citing *Liteky v. United States*, 510 U.S. 540, 554-56 (1994))). "Judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Id*. (quoting *Liteky*, 510 U.S. at 555). "In and of themselves ... they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required ... when no extrajudicial source is involved." *Id.* (quoting *Liteky*, at 510 U.S. at 555.)

### *Analysis*

The undersigned will not disqualify herself. Plaintiff's motion fails to allege facts to support the contention that the undersigned exhibits bias or prejudice towards him or his case. Plaintiff has not supported his motion with any evidence that the Magistrate Judge has a personal bias against Plaintiff from an extrajudicial source. *Brew*, 2017 WL 4539265, at *2. A judge's rulings while presiding over a case do not constitute extrajudicial conduct. *Focus Media, Inc. v. NBC*, 378 F.3d 916, 930 (9th Cir. 2004). Plaintiff's disagreement with the Court's Findings and Recommendations to deny IFP status is not a legitimate ground for seeking disqualification of a judge. *Liteky*, 510 U.S. at 555. Plaintiff's remedy is to file a objections to the Findings and Recommendations.[2]

//

---

[2] Plaintiff's filing includes his objections to the Findings and Recommendations. Those objections will be considered by the assigned district judge in due course.

4

### III.    CONCLUSION AND ORDER

Accordingly, for the reasons given above, the Court **HEREBY ORDERS** that Plaintiff's motion for disqualification (Doc. 14) is **DENIED**.

IT IS SO ORDERED.

Dated:    **June 11, 2026**                    _____
                                               UNITED STATES MAGISTRATE JUDGE

5